# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE HOLLOWAY, | No. 4:18-CV-00905 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| ERIC BUSH, THE DISTRICT ATTORNEY OF THE COUNTY OF DAUPHIN and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | |
| Respondents. | |

## ORDER

### MAY 30, 2019

Shane Holloway filed this 28 U.S.C. § 2254 petition challenging his state court conviction and sentence.[1] In April 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny Holloway's petition in part as procedurally defaulted, and in part as being without merit.[2] After receiving an extension of time from the Court, Holloway filed timely objections to the Report and Recommendation in which he contends that Magistrate

---

[1] Doc. 1.
[2] Doc. 15.

Judge Carlson erred in concluding that: (1) the sentence imposed was constitutional; (2) the jury was properly instructed; and (3) counsel was not ineffective.[3]

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[5] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[6]

Because Holloway objected to Magistrate Judge Carlson's recommendations regarding the constitutionality of the sentence imposed, the jury instructions, and alleged ineffective assistance of counsel, those recommendations are reviewed de novo, while the remainder of the Report and Recommendation is reviewed only for clear error. After reviewing the record, the Court finds no error—clear or otherwise—in Magistrate Judge Carlson's conclusion that Holloway's claims are

---

[3] Docs. 17, 18.
[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[5] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

procedurally defaulted or without merit.[7]  Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 15) is **ADOPTED**;

2. Holloway's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. A certificate of appealability shall not issue; and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] Although most of Holloway's objections require no further discussion, the Court notes that Holloway asserts that his sentence is unconstitutional because the sentencing judge erroneously believed that a life sentence was mandatory, even though it was not. (Doc. 18 at 2-3). However, Pennsylvania law clearly "imposes a mandatory sentence of life imprisonment on [adult] offenders convicted of first-or second-degree murder." *Commonwealth v. Lekka*, __ A.3d __, __, 2019 WL 2064541, at *9 n.10 (Pa. Super. Ct., May 10, 2019).